**\*\* E-filed April 26, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANK OF AMERICA, ITS ASSIGNEES AND/OR SUCCESSORS,<br><br>    Plaintiff,<br>  v.<br><br>GUADALUPE MORAN, and DOES 1–10, inclusive;<br><br>    Defendants._____/ | No. C10-01733 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

On April 22, 2010, pro se defendant Guadalupe Moran removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff Bank of America filed this unlawful detainer action on November 20, 2009[1] in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in August 2009. Plaintiff served defendant with a ninety-day notice to vacate in August 2009, but defendant refused to deliver possession of the property. (Compl. 1–3.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a

---

[1] It would appear that the removal is outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendant asserts that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Defendant fails to support his assertion that this action arises under federal law. The removal notice suggests that because the foreclosure sale of the subject property was pursuant to federal law, that plaintiff's complaint may be maintained in federal court. (Notice of Removal 1–3.) Defendant also alleges the unconstitutional application of various California laws. (*Id.* at 3.) However, defendant's allegations in his removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. (Compl. 1–3.) Accordingly, defendant has failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[2] *See* 28 U.S.C. § 1332(a).

Because defendant has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further

---

[2] Defendant does not establish diversity of citizenship in his removal notice, and a review of the complaint shows that it specifies that the "amount demanded does not exceed $10,000.00." (Compl. 1.) Plaintiff only seeks restitution of the property, $30 a day in damages, and the costs of suit. (*Id.* at 3.) In addition, as a local defendant, it would appear that defendant does not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

2

1  RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County
2  Superior Court.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file
3  objections to this Report and Recommendation within fourteen days after being served.

5  Dated: April 26, 2010

6  _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

**C 10-01733** N**otice will be sent by alternative means to:**

Matthew Edward Podmenik     lrodriguez@mccarthyholthus.com

**Notice will be sent by other means to:**

Guadalupe Moran
1335 -1/2 William Court
San Jose, CA 95116

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**